UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES V. SATCHER and CAROLYN V. SATCHER, a marital community, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SELVI STANISLAUS, in her official capacity as EXECUTIVE DIRECTOR OF THE CALIFORNIA FRANCHISE TAX BOARD, and BANK OF AMERICA, N.A.,<br>Defendants. | Case No.<br><br>**DEFENDANT BANK OF AMERICA N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Removed from Skagit County Superior Court Case No. 16-2-00194-0<br><br>Operative Complaint Filed: September 9, 2019<br>Operative Complaint Served: September 6, 2019 |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:**

PLEASE TAKE NOTICE that Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of Washington in and for the County of Skagit (the "State Court"), in which the action is currently pending, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§1441, 1446. This Court has original subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 because two of Plaintiffs' claims arise out of the United States Constitution and laws of the United States; the Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367.

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

**STATE COURT ACTION**

1. Plaintiffs James V. Satcher and Carolyn V. Satcher ("Plaintiffs") filed their Second Amended Complaint ("SAC"), asserting federal causes of action for the first time in this action, in State Court on September 9, 2019, styled as *James V. Satcher and Carolyn V. Satcher, a marital community, on behalf of themselves and all others similarly situated v. Selvi Stanislaus, in her official capacity as Executive Director of the California Franchise Tax Board, and Bank of America, N.A.*, Case No. 16-2-00194-0 (the "State Court Action"). A true and correct copy of the State Court Action SAC is attached hereto as **Exhibit A**.

2. Plaintiffs' SAC (1) adds as a defendant Selvi Stanislaus ("Stanislaus"), in her official capacity as the Executive Director of the California Franchise Tax Board ("CFTB"); (2) removes the CFTB as a defendant; (3) asserts two claims against Stanislaus for violations of substantive and procedural due process under the United States Constitution; (4) asserts claims against BANA for deceptive and unfair practices in violation of the Washington Consumer Protection Act ("CPA"); and (5) seeks to assert claims on behalf of a putative class of individuals.

3. On September 6, 2019, BANA's counsel of record, Miller Nash Graham & Dunn LLP was electronically served with the SAC.

4. BANA's response to the SAC was due on September 19, 2019, and the parties stipulated to a responsive deadline of October 1, 2019.[1]

**VENUE**

5. This case was originally filed in the Superior Court for the State of Washington,

[1] BANA had requested an extension to October 7, 2019 so that it would not have to respond to the SAC until the deadline to remove, but Plaintiffs would only agree to an extension to and including October 1, 2019. Because BANA was still evaluating the grounds for removal, but required to file its response to the SAC on October 1, 2019, BANA filed its motion to dismiss the SAC ("Motion to Dismiss"). BANA expressly noted in its Motion to Dismiss that it was not waiving its right to remove by filing the motion and that the filing was solely for the purpose of protecting its response deadline in the State Court Action to maintain the status quo. A true and correct copy of BANA's Motion to Dismiss in the State Court Action is attached hereto as **Exhibit B.**

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

Skagit County, which makes venue proper in the U.S. District Court for the Western District of Washington. *See* 28 U.S.C. §§ 128(b), 1441(a).

**TIMELINESS OF REMOVAL**

6. This action has not previously been removed to federal court. The filing of the SAC with the addition of the claims arising under the United States Constitution makes this action removable. This removal is timely because it is being filed within thirty (30) days of service of the SAC upon BANA. *See* 28 U.S.C. §§ 1446(b), 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period beings to run upon service of the summons and complaint); Fed. R. Civ. P. 6 (instructing that for the purposes of federal court deadlines "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); *Hastings v. Ocwen Loan Servicing*, 2014 U.S. Dist. LEXIS 100764, at *1 (D. Md. July 23, 2014) (holding that defendant timely removed because the thirtieth day fell on a Sunday and defendant removed on the following Monday as allowed under Fed. R. Civ. P. 6(a)(1)(C)).

**BASIS FOR REMOVAL**

**Federal Question Jurisdiction Under 28 U.S.C. § 1331**

7. This Court has original subject-matter jurisdiction over this action. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district of the court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, in evaluating whether removal is proper, the Court must determine whether it possesses original jurisdiction over an action. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. District courts have "original jurisdiction of all civil actions arising under the

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiffs' first and second causes of action arise directly under the Fourteenth Amendment to the United States Constitution and the laws of the United States, 42 U.S.C. § 1983. Accordingly, this Court has original federal question jurisdiction over the first and second causes of action pursuant to 28 U.S.C. § 1331 and this action may be removed to this Court. *See* 27 U.S.C. § 1441; *Garcia v. Aventis Pasteur, Inc*., 2002 U.S. Dist. LEXIS 15122, at *4 (W.D. Wash. Apr. 22, 2002) ("Federal question jurisdiction exists for claims 'arising under the Constitution, laws, or treaties of the United States. The well-pleaded complaint rule states that for federal question jurisdiction, Plaintiff's Complaint must present a federal question on its face." (citations omitted)).

9. BANA thus removes this case to the United States District Court for the Western District of Washington, which is the District Court embracing the place where the State Court Action has been filed.

**Supplemental Jurisdiction**

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because Plaintiffs' allegations arise from and are part of the same case or controversy as the federal question. Therefore, this action is one which can be removed to this Court by BANA pursuant to 28 U.S.C. § 1441(a) and (c).

**Consent**

11. The consent of co-defendant Stanislaus is not required because she has not yet been properly served. The "rule that all defendants must join in a removal notice only applies to defendants ***properly joined and served*** in the action: 'a party not served need not be joined [in the removal notice]; the defendants summoned can remove by themselves.'" *Courtney v. Riverview Sch. Dist.,* 2007 U.S. Dist. LEXIS 95215, at *4 (W.D. Wash. Dec. 17, 2007) (quoting *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded in unrelated part by statute as stated in Ethridge v. Harbor House Rest*., 861 F.2d 1389 (9th Cir. 1988).



MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

12. Plaintiffs filed an Affidavit of Service Out of State Pursuant to RCW 4.28.185(4) (the "Affidavit") in the State Court Action on September 13, 2019 attesting that they did not personally serve Stanislaus within the State of Washington. Instead, Plaintiffs "served the Second Amended Complaint and 60 Day Summons to Stanislaus via the California State Attorney General [("AG")] on September 10, 2019." A true and correct copy of the Affidavit is attached hereto as **Exhibit C**.

13. Service of process to Defendant Stanislaus was improper for several reasons: 1) Plaintiffs failed to personally serve Stanislaus, (*see* Exh. C., ¶ 4) ("Personal Service on Stanislaus within the state of Washington could not be made because Stanislaus could not be located within that state."); 2) Plaintiffs served the AG, but failed to state that Stanislaus authorized the AG to receive service on her behalf, (*see* Exh. C., ¶ 6) ("Plaintiffs served the Second Amended Complaint and 60 Day Summons to Stanislaus via the California State Attorney General on September 10, 2019."); and 3) Plaintiffs failed to include proof of service with their Affidavit to establish that the method used to serve the AG's office was proper or that the individual they served at the AG's office was authorized to accept service, even assuming service on the AG was proper, (*see* CR 4(g)).

14. Because Stanislaus has not been properly served with the Summons and SAC in the State Court Action, her consent is not required for removal purposes.

**INTRADISTRICT ASSIGNMENT**

15. Pursuant to LCR 101(e) and LCR 3(d), the Seattle Division of the United States District Court for the Western District of Washington is the appropriate intradistrict assignment. The Seattle Division is appropriate because Plaintiffs' State Action was filed in Skagit County.

16. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by BANA of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

BANA's rights, claims, remedies, and defenses in connection with this action (including without limitation issues related to the arbitrability of Plaintiffs' claims), all of which are hereby fully and expressly reserved. Further, BANA expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence should any aspect of this removal and/or the information set forth herein be challenged.

**Notice to Adverse Parties and Washington State Court**

17. Upon filing of this Notice of Removal, BANA simultaneously served Plaintiffs and filed a Notice of Removal to Federal Court in the State Court Action.

**WHEREFORE**, BANA respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED this 7th day of October, 2019.

*s/Daniel J. Oates*
Daniel J. Oates, WSBA No. 39334
*s/Katie Loberstein*
Katie Loberstein, WSBA No. 51091
MILLER NASH GRAHAM & DUNN LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA 98121-1128
Tel: (206) 624-8300
Fax: (206) 340-9599
Email: dan.oates@millernash.com
katie.loberstein@millernash.com

Attorneys for Defendant Bank of America, N.A.

**DECLARATION OF SERVICE**

I, Jennifer Schnarr, hereby declare under penalty of perjury under the laws of the United States that on this 7th day of October, 2019, the foregoing document was filed using the CM/ECF system and that I caused a true and correct copy of the same to be served on the following via the method listed.

| | |
|---|---|
| Ari Y. Brown, WSBA No. 29570<br>Brittany J. Glass, WSBA No. 52095<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103-8869<br>Tel: 206.816.6603<br>Fax: 206.319.5450<br>Email: abrown@terrellmarshall.com<br>bglass@terrellmarshall.com<br>bterrell@terrellmarshall.com<br>jnuss@terrellmarshall.com<br>bkinsey@terrellmarshall.com<br>filing@terrellmarshall.com<br>Salexan701@aol.com<br>*Attorneys for Plaintiffs* | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ Email: abrown@terrellmarshall.com<br>bglass@terrellmarshall.com<br>bterrell@terrellmarshall.com<br>jnuss@terrellmarshall.com<br>bkinsey@terrellmarshall.com<br>filing@terrellmarshall.com<br>Salexan701@aol.com |

SIGNED at Seattle, Washington this 7th day of October, 2019.

*s/Jennifer L. Schnarr*
Jennifer L. Schnarr, Legal Assistant

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599