UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES V. SATCHER, et al., | CASE NO. C19-1598 RSM |
| Plaintiffs, | ORDER |
| v. | |
| SELVI STANISLAUS, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court on Defendant Bank of America N.A.'s Notice of Motion and Motion to Dismiss (Dkt. #7) and Plaintiffs' Motion for Remand (Dkt. #13). Finding this matter should be remanded, the Court grants Plaintiffs' motion and denies Defendant's motion as moot.

## II. BACKGROUND

The Court generally adopts the relevant procedural background as set forth by the Plaintiffs, James Satcher and Carolyn Satcher, in their reply brief. Dkt. #23.

> In February 2016, the Satchers filed a new case against Bank of America and the [California Franchise] Tax Board that included allegations that Defendants improperly garnished their benefits six times from 2012-2014. ECF No. 12-1 at 6-25. The defendants answered, but no party took any other action on the case until May 2019 when Bank of America moved to dismiss for failure to

ORDER – 1

prosecute. *See id*. at 76-85, 87-99, and 103-116. The court denied Bank of America's motion and set the case for trial December 2019. ECF No. 12-1 at 354, 361.

In August 2019, in response to the Supreme Court's ruling in *Franchise Tax Board of California v. Hyatt*, 587 U.S. __, 139 S. Ct. 1485, 203 L. Ed. 2d 768 (2019) and investigation by newly obtained counsel, the Satchers sought leave to file a Second Amended Complaint. The proposed complaint dropped the Tax Board as a defendant, added claims against Selvi [Stanislaus], the Executive Director of the Tax Board in her official capacity based on violations of 42 U.S. § 1983, and substituted tort claims against Bank of America with claims based on the CPA. *Id*. Bank of America opposed the Satchers' motion for leave to file the Second Amended Complaint. Among other things, it argued that amendment would be futile because the Satchers' CPA claims were barred by res judicata. ECF No. 12-1 at 534-35. After full briefing and hearing, the court found that amendment would not be futile. It granted the Satchers' motion to file the Second Amended Complaint and found that the amendment related back to the original February 2016 complaint. *Id*. at 678-80.

On September 6, 2019, the Satchers filed their Second Amended Complaint and served it on counsel for Bank of America. *Id.* at 691-716. On September 10, 2019, the Satchers served the summons and Second Amended Complaint on Selvi Stanislaus in her official capacity as Executive Director of the California Franchise Tax Board through the California Office of the attorney general. *Id*. at 759-60. An authorized individual from the attorney general's office accepted service on Stanislaus's behalf. *Id.* Neither the attorney general's office nor anyone else were informed that anyone considered this service inadequate prior to the case being removed.

Bank of America filed its removal notice on October 7, 2019 asserting removal was proper based solely on federal question grounds. ECF No. 1 at 3-4. It did not obtain Stanislaus's consent, but claimed it was not required because Stanislaus was not personally served and the Satchers failed to provide proof of service, arguments it has now abandoned. *Compare* ECF No. 1 at 4-5 *to* ECF No. 21 at 5, 6 n.1.

Dkt. #23 at 6–7.

### III.   DISCUSSION

**A. Legal Standard**

When a case falling within the original jurisdiction of the United States district courts but is filed in state court, the defendant may remove the action from state court to the appropriate district court. 28 U.S.C. § 1441(a). Typically, it is presumed "'that a cause lies outside [the]

ORDER – 2

limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938)).

**B. Removal**

The parties do not dispute, and the Court does not question, whether this action falls within the Court's original jurisdiction. Dkt. #21 at 1. The parties also do not dispute that absent co-defendant, Salvi Stanislaus ("Stanislaus"), did not join in the removal notice. Rather, the dispute turns on whether Stanislaus's consent was necessary.

Removal generally requires unanimity among all defendants. *Chicago, Rock Island, & Pacific Railway Company v. Martin*, 178 U.S. 245 (1900). One primary exception is "that a party not served need not be joined." *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984); *see also* 28 U.S.C. § 1446(b)(2)(A) (removal requires that "all defendants who have been properly joined and served must join in or consent to the removal action"). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).[1]

Defendant Bank of America ("Defendant") attempts to carry this burden but is unable to do so here. In Defendant's notice of removal, it contends that Stanislaus was not properly served at the time its removal notice was filed. More specifically, Defendant contends that "1) Plaintiffs

---

[1] *Prize Frize* was later partially abrogated by statute in a manner not relevant here. *Abrego v. The Dow Chemical Co.,* 443 F.3d 676 (9th Cir. 2006) (citations omitted)

ORDER – 3

failed to personally serve Stanislaus, . . . 2) Plaintiffs served the AG, but failed to state that Stanislaus authorized the AG to receive service on her behalf, . . . and 3) Plaintiffs failed to [file] proof" that service on Stanislaus was proper. Dkt. #1 at ¶¶ 13.

Defendant's notice of removal is insufficient even under Defendant's overly mechanical reading. Whether removal is proper is to be determined at the time that the defendant seeks removal. *W. Side R. Co. v. California Pac. R. Co.*, 202 F. 331, 335 (N.D. Cal. 1913) (remand motion is to be considered on the record at the time the removal was filed). At the time that Defendant filed its notice of removal, Plaintiffs had already filed proof of service. Dkt. #12-1 at 718. Therein, Plaintiffs admitted that they had not accomplished "[p]ersonal service on Stanislaus within the state of Washington" and explained that "Plaintiffs served the Second Amended Complaint and 60 Day Summons to Stanislaus via the California State Attorney General on September 10, 2019." *Id.* at 719. In fact, Plaintiffs further supported their position with a declaration from their process server indicating that service on the Office of the Attorney General was to a "person authorized to accept" service. *Id.* at 759 (emphasis removed).

Defendant did not place any contrary evidence in the state court record and did not provide any contrary evidence with its notice of removal. Rather, Defendant speculated as to why the service made by Plaintiffs may have not been sufficient. Dkt. #1 at ¶¶ 13. This falls well short of Defendant's obligation to affirmatively explain the absence of its non-joining co-defendant. Defendant provides no indication that it contacted Stanislaus or has any actual knowledge of the reason for her absence. Defendant provides no basis to conclude that Stanislaus believes she was improperly served. Nor does Defendant provide legal authority establishing that service on the California State Attorney General was insufficient. The Court does not accept Defendant's speculation as an affirmative explanation. *Prize Frize*, 167 F.3d at 1264, 1266 (defendants' explanation of co-defendants' absences was overly speculative where removing

ORDER – 4

defendants had "been informed and believe that many of the other defendants named . . . have not been properly served").

To be sure, Defendant subsequently made arguments for why Plaintiffs' service may have been insufficient. Dkt. #21 at 5–7. But a defendant cannot assert a new basis for removal after the initial removal period. *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988); *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013). Regardless, Defendant does not identify any clear authority establishing that co-defendants may only be considered "served," in the absent party context, if the plaintiff has strictly complied with the requirements for service of process. *See Prize Frize*, 167 F.3d at 1266 (Ninth Circuit noting its assumption, for the sake of argument, that objection "to sufficiency of process may be equated to a lack of service"); 28 U.S.C. § 1446(b)(1) (clock for removal runs from the time defendant receives, "through service *or otherwise*," the relevant pleading) (emphasis added); *Oytan v. David-Oytan*, 171 Wash. App. 781, 807, 288 P.3d 57, 70 (2012) (Washington requires only substantial compliance with procedural aspects of service).

Similarly, Defendant's speculation that Stanislaus may herself contend that service was improper has some initial appeal. Dkt. #21 at 6–7; Dkt. #23 at 8–9 (Plaintiffs noting their stipulation with Stanislaus as to sufficiency of service of process). But it is entirely unclear to the Court why this is Defendant's argument to make. Stanislaus clearly does not want to appear before the Court to represent her own interest. *See* Dkt. #24 at ¶ 3 (recounting Stanislaus's concerns that appearing and filing documents could give rise to arguments that she had taken affirmative litigation action and waived her possible 11th Amendment immunity). If Stanislaus favored and wished to consent to removal, she had every reason to cooperate with Defendant— but she did not. Defendant provides no convincing basis on which to argue that it should be permitted to unilaterally choose Stanislaus's forum.

ORDER – 5

Lastly, without Defendant being able to affirmatively explain its co-defendant's absence, this is not the proper forum or context in which to determine whether Plaintiffs' service on Stanislaus was proper. *See W. Side R. Co.*, 202 F. at 333 (considering whether former property owner was nominal or fraudulent defendant for purposes of diversity jurisdiction and concluding that existence of corporation and title of property "are questions involved in the merits of the cause of action"); *c.f. St. Vincent v. Werner Enterprises, Inc.*, Case No. 08-73-M-DWM-JCL, 2008 WL 5395754 at *2 (D. Mont. 2008) (overlooking failure to adequately explain absence of co-defendant where "[b]y his own admission, [plaintiff] clearly knows that he has not yet effected service on" co-defendants). Nothing establishes that Stanislaus was not properly joined and served at the time Defendant filed its notice of removal. Combined with the presumption against removal jurisdiction, the Court finds that Plaintiffs' motion should be granted, and this case should be remanded.

### C. Attorney Fees

An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred because of the removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that an award of costs and expenses, including attorney fees, is appropriate. Ultimately, Defendant relied on an overly-technical reading of the statutory requirements and was unable to support its position factually or legally.

### IV. CONCLUSION

Having considered the motions, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiffs' Motion for Remand (Dkt. #13) is GRANTED.

ORDER – 6

2. Defendant Bank of America N.A.'s Notice of Motion and Motion to Dismiss (Dkt. #7) is DENIED as moot.

3. Plaintiffs are entitled to fees and costs under 28 U.S.C. § 1447(c). **No later than fourteen (14) days from the date of this Order**, Plaintiffs may file a Supplemental Motion for Attorneys' Fees, noted pursuant to LCR 7(d), and limited to six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought. Defendant may file a Response addressing only the reasonableness of the fees and costs requested and is also limited to six (6) pages. No Reply is permitted.

4. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of Skagit.

5. This matter is now CLOSED.

Dated this 24 day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 7