UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES V. SATCHER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SELVI STANISLAUS, et al.,<br><br>Defendants. | CASE NO. C19-1598 RSM<br><br>ORDER GRANTING IN PART PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS |

## I.   INTRODUCTION AND BACKGROUND

This matter is before the Court on Plaintiffs' Supplemental Motion for Attorneys' Fees and Costs. Dkt. #26. The supplemental motion follows the Court's earlier order granting Plaintiffs' Motion for Remand and granting Plaintiffs fees and costs under 28 U.S.C. § 1447(c). Dkt. #25 (finding removal improper, remanding the action to state court, and finding an award of fees proper because Defendant lacked an objectively reasonable basis for seeking removal). Plaintiffs now seek $19,992.90 in fees and costs. Dkt. #26 at 1. Defendant objects, contending that the request "should be denied in full or significantly reduced." Dkt. #30 at 1. Having reviewed the briefing and evidence submitted in support, the Court grants Plaintiffs' motion in part.

ORDER – 1

## II.     DISCUSSION

### A. Legal Standard

Pursuant to 28 U.S.C. § 1447(c), district courts may award payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To determine a reasonable fee, courts start with the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may then adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1]

### B. Reasonable Hourly Rate

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*. (internal quotation marks and citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for

---

[1] Numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).

ORDER – 2

the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiffs seek an hourly rate of $500 for work performed by Mr. Brown.[2] Dkt. #27 at ¶ 5. The request is supported by Mr. Brown's declaration where he lists several of the "variety of factors" upon which his firm, Terrell Marshall Law Group PLLC, sets his rate. *Id.* at ¶ 3. Further, Mr. Brown vaguely states that "numerous federal and state courts in Washington and elsewhere have approved fee requests by Terrell Marshall that were based on similar rates in place at the time of application."[3] Dkt. #27 at ¶ 4. Of slightly more value, both parties point to cases from within this District where rates between $400 and $500[4] have been approved. *See* Dkt. #26 at 3–4; Dkt. #30 at 3–4. However, both parties do little to establish that those awards were to attorneys of similar experience in matters of similar complexity. On this record, the Court does not find that Plaintiffs have established the reasonableness of the hourly rate sought in this matter for Mr. Brown and accordingly adopts the $400 hourly rate that Defendant concedes is appropriate.

**C. Reasonable Hours**

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours." *Welch*, 480 F.3d at 945–46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court "should exclude any hours

---

[2] Defendant does not challenge the $325 hourly rate claimed for work performed by Ms. Glass, an associate, or the $125 hourly rate claimed for work performed by Mr. Kinsey, a legal secretary.

[3] Similarly, Mr. Brown indicates that he has been awarded compensation "at my regular billing rates" by other courts but does not indicate what his rates were at the relevant times or the nature of the matters involved.

[4] Plaintiff cites to several cases from within this District in which rates up to $650 were awarded. Dkt. #26 at 3–4. But Plaintiff makes clear that these were in class actions and does not argue or establish that this case is a class action or is comparable to a class action.

ORDER – 3

'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

Plaintiffs indicate that their counsel spent 68.3 hours contesting Defendant's removal from state court and that, upon review of their records, counsel culled 15.9 hours "to remove any time that can arguably be considered excessive, duplicative, or unnecessary." Dkt. #27 at ¶ 8. Accordingly, Plaintiffs seek recovery for 18 hours of work performed by Mr. Brown, 33.4 hours of work performed by Ms. Glass, an associate, and 1.8 hours of work performed by Mr. Kinsey, a legal secretary. *Id.* at p.6. This time was broadly attributed to Plaintiffs' Motion for Remand, their Reply in Support of Plaintiffs' Motion for Remand, and Plaintiffs' Supplemental Motion for Attorneys' Fees and Costs.

As an initial matter, the Court notes that Mr. Brown, the most senior attorney, expended 17.4 hours working on Plaintiffs' initial motion while Ms. Glass similarly expended 17.9 hours working on Plaintiffs' initial motion. *Id.*[5] But the bulk of Mr. Brown's work was performed after presumably receiving a draft from Ms. Glass. The similarity of the hours likely resulted from some inefficiency or duplication of effort. Accordingly, the Court takes the 9.8 hours Mr. Brown expended on October 29 and 30, 2019, and subtracts them from the 17.9 hours Ms. Glass otherwise spent working on the drafting of Plaintiffs' initial motion.

Defendants further argue that Mr. Brown's and Ms. Glass's documentation of their work is inadequate for the Court to assess the reasonableness of the time expended. Dkt. #30 at 4. The Court agrees that the general nature of the work detailed in the billing records prevents the Court from fully considering the time spent on distinct aspects of the motions. Plaintiffs' records cannot be characterized as block billing, but they similarly frustrate the Court's ability to test the

---

[5] Plaintiffs have written off 1.2 hours of Mr. Brown's time and 3.7 hours of Ms. Glass's time. Dkt. #27 at p.6.

ORDER – 4

reasonableness of the time billed. Accordingly, the Court finds that a 10% across the board haircut of the hours awarded for Mr. Brown and Ms. Glass is warranted. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008) (approving 10% haircut without specific explanation and allowing cuts larger than 10% with a "weightier and more specific" justification for doing so).

After making the specified reductions, the Court finds the following awards to be reasonable:

- Mr. Brown:[6] **$6,192.00**[7]
- Ms. Glass: **$6,903.00**[8]
- Mr. Kinsey: **$225.00**[9]

### D. Costs

Plaintiffs also request costs in the amount of $312.90. Dkt. #26 at 4. Defendant does not contest this amount and the Court finds an award appropriate.

//
//
//
//
//
//

---

[6] The Court notes that 0.8 hours that were written off were not attributed to an individual timekeeper. Dkt. #27 at p.6. The Court accordingly has attributed the reduction to Mr. Brown.

[7] 17.2 hours, less 10% haircut, at $400/hour.

[8] 23.6 hours, less 10% haircut, at $325/hour.

[9] 1.8 hours at $125/hour.

ORDER – 5

### III. CONCLUSION

Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' Supplemental Motion for Attorneys' Fees and Costs (Dkt. #26) is GRANTED IN PART, as stated above. Plaintiffs are awarded $13,320 in attorneys' fees and $312.90 in costs, for a **total award of $13,632.90**.

Dated this 4th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE